■ In the Matter of NATIONAL FUEL GAS DISTRIBUTION CORPORATION, Petitioner, v PUBLIC SERVICE COMMISSION OF STATE OF NEW YORK et al., Respondents. [715 NYS2d 821] —Determination unanimously confirmed with costs and petition dismissed. Memorandum: Petitioner, National Fuel Gas Distribution Corporation (National Fuel), commenced this original proceeding seeking to annul the determination granting respondent Nornew Energy Supply, Inc. (Nornew) an exemption pursuant to Public Service Law § 66-g (3) in connection with Nornew's contract to transport natural gas to the Samuel A. Carlson Generating Station in the City of Jamestown. National Fuel contends that Nornew is not entitled to the exemption because it intends to transport non-indigenous natural gas as well as indigenous natural gas. Respondent Public Service Commission of the State of New York determined that Nornew was entitled to the exemption because it is a producer of indigenous natural gas whose natural gas activities are limited to "the production, sale and/or transportation of natural gas to a co-generation or electrical generating facility" (Public Service Law § 66-g [3]). We agree. National Fuel contends that the failure of the Legislature to include the word "indigenous" before the term "natural gas" in that clause of the statute was an inadvertent omission. The statutory language, however, is clear and unambiguous and must be given its plain meaning (*see, Doctors Council v New York City Employees' Retirement Sys.,* 71 NY2d 669, 674-675). Courts are not free to amend a statute by adding words that do not appear therein (*see, Matter of Chemical Specialties Mfrs. Assn. v Jorling,* 85 NY2d 382, 394, *rearg denied* 85 NY2d 1033). (Original Proceeding Pursuant to CPLR art 78.) Present—Pigott, Jr., P. J., Green, Hayes, Scudder and Kehoe, JJ.